UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
STACEY MERCER, *an individual,*

      Plaintiff,                        CASE NO.:

v.

DOVER DOWNS GAMING AND
ENTERTAINMENT, INC., *a foreign corporation,*

      Defendant.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff, STACEY MERCER (hereinafter "Plaintiff"), sues Defendant, DOVER DOWNS GAMING AND ENTERTAINMENT, INC. (hereinafter "Defendant"), for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the New York State Human Rights Law, and the New York City Human Rights Law, and alleges:

## INTRODUCTION

1. Defendant owns and/or operates that certain hotel known as the DOVER DOWNS HOTEL & CASINO, located in Dover Delaware (the "Hotel"). The Hotel has a website located at www.doverdowns.com (the "Website"). The Hotel takes reservations through the Website, and provides information to the public regarding available guestrooms, Hotel amenities, and Hotel common areas.

2. As of March 15, 2012, the Hotel was required to ensure that all of its reservation systems, including its online reservation systems (a) identify and describe disabled accessible features of

the Hotel in detail; (b) identify and describe specific accessibility features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel common areas and guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1] Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

4. This Court has personal jurisdiction over Defendant in this action. Defendant owns or operates the Hotel, which uses its financially interactive Website to do business (or to seek to do business) with individuals in this District by taking (or seeking to take) reservations and payments from such individuals, and which violated Plaintiff's civil rights in this District as set forth more fully below.

5. Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; Plaintiff encountered Defendant's ADA violations in this District, and the injury to Plaintiff here at issue occurred in this District.

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under New York State law. 28 U.S.C.S. §1367(a).

## PARTIES

7. At all times material hereto, Plaintiff, STACEY MERCER, was and is over the age of 18 years, *sui juris*, and a resident of New York, New York, which is located within this District.

8. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Because of a criminal act perpetrated against her, Plaintiff suffers from paraplegia, and therefore uses a wheelchair.

9. Defendant is a Delaware corporation which conducts and/or seeks to conduct business in the State of New York by its financially interactive website, through which it transacts or seeks to transact business with individuals in this District.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

10. On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations <u>on or before March 15, 2012</u>.

12. On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

13. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency,

immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A*.

14. Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A*. Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A*. Labeling a guestroom as "accessible" or "ADA" is not sufficient.

15. In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A*. Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

16. For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A*.

17. However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features **that do not comply** with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A.*

18. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.

19. The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

20. Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to her, and whether she could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms. Upon her visit, Plaintiff discovered that the Website does not comply with the ADA and ADAAG.

21. The Website homepage says nothing about accessible guestrooms. A link entitled Hotel/Meet brings up a page with information on the hotel, but nothing as to the accessible features of the Hotel common areas or guestrooms. At the Hotel Introduction page, there is a discussion of "Property Amenities" that discusses guest room and suite amenities. It states the hotel offers "ADA-compliant rooms for those who need them" but does not describe in any way the accessible features of such rooms. Under room types, the website lists two types of rooms: deluxe king and deluxe double. No room is designated as an ADA-compliant or otherwise accessible guestroom.

22. The Hotel Introduction page contains a Book a room link that takes you to another page with a calendar to select stay dates. Above the calendar, there is a tab entitled rooms and Rates that is inactive and does not link to further information. Once a stay date is selected, you are offered the ability to book the Deluxe Double of Deluxe King. For each room type, there is a link to view details that states "Accessible rooms equipped for guests with special needs are also available." However, no information is provided for one to access what that equipment is and whether it makes the room accessible to the particular guest. When you continue to book the room, you are taken to a guest details page to provide your information where you can select one of the two aforementioned room types but not an ADA-compliant and or otherwise accessible guest room.

23. The Website has no accessibility information concerning common areas and amenities. The Website does not indicate that the Hotel is in full compliance with all 1991 Standards, or, in the alternative:

    a. Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

    b. Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

    c. Whether restaurant or other food service areas at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

    d. Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply,

7

so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

e. Whether the swimming pool (if any) complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

f. Whether the business center complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

g. Whether the meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

h. Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

i. Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

j. Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

k. Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

l. Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

m. Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

n. Whether the route from the public entrance to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

o. Whether the route from the accessible guestrooms to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

p. Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which

it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

q. Whether the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

r. Whether the route from the public entrance to the conference/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them;

s. Whether the route from the accessible guestrooms to the meeting/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and other similarly situated can evaluate whether it is accessible to them.

24. This is not intended to be an exclusive list, and Plaintiff also brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

25. In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations

service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

26. Plaintiff will visit the Website again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom. Plaintiff often travels to North Carolina by car to visit family and has occasion to stay at hotels along during her trip.

27. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendant has had eight (8) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

28. Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

29. Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

30. Plaintiff is without an adequate remedy at law and is suffering irreparable harm, and Plaintiff reasonably anticipates that she will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

31. Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

## COUNT II
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

32. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

33. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [2]

---

[2] NYS Exec. Law § 296 (2)(a).

34. The Website (and other online reservation platforms, as applicable) is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

35. By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of disability, accommodations, advantages, facilities or privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

36. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to §297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

37. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

38. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[3]

---

[3] NYC Admin Code § 8-107(4)(a)

39. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff full access to all the accommodations, benefits, and services, available appurtenant to the Hotel, as described above.

40. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law, and all relief provided for thereunder.

WHEREFORE, Plaintiff, STACEY MERCER, respectfully requests that this Court enter judgment in her favor, and against Defendant, as follows:

   a. A declaration that the Website (and other online reservation platforms, as applicable) is owned, leased, operated, and/or controlled by Defendant is in violation of the ADA, NYSHRL, and/or NYCHRL;

   b. Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

   c. Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website through which it is offering online reservations for any hotel that it owns or operates, unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

   d. An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff;

   e. An award of compensatory damages deemed just and appropriate pursuant to NYSHRL and NYCHRL, to Plaintiff; and

   f. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this **29th** day of **March,** 2019.

                Respectfully Submitted,

                LAW OFFICES OF NOLAN KLEIN
                *Attorneys for Plaintiff*
                One East Broward Blvd., Ste. 1500
                Ft; Lauderdale, FL 33301
                PH:    (954) 745-0588
                www.nklegal.com

  By:  */s/ Hector Ramirez*
        HECTOR RAMIREZ, ESQUIRE
        (HR3270)
        ramirez@nklegal.com